UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLUTAYO ARIYO | : | |
|            Plaintiff | : | CIVIL ACTION |
| | : | No. |
| v. | : | |
| | : | PLAINTIFF REQUESTS A |
| THOMAS JEFFERSON UNIVERSITY | : | TRIAL BY JURY |
| MEDICAL COLLEGE | : | |
|            Defendants | : | |

## COMPLAINT

**I.     PARTIES**

1. Dr. Olutayo Ariyo (hereinafter "Plaintiff") is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing in Yeadon Pennsylvania.

2. Plaintiff is an African American male and immigrant to the United States, and thus is in a protected class due to his race and national origin.

3. Thomas Jefferson University Medical College (hereinafter "Defendant") is a legal entity that is operating in Philadelphia, Pennsylvania.

4. ABC Corporations 1-10 are corporations not yet known who have ownership and/or control over Defendant, and who acted as Plaintiff's employer.

5. At all times material and relevant to this complaint, defendant was acting by and through its agents, servants, workmen, employees and/or representative who were acting within the course and scope of their employment and/or agency with said defendant. The conduct, action and/or omissions of the agents, servants, workmen, employees and/or representatives of defendant is imputed to defendant and defendant is fully liable for the conduct, action and/or omissions for its agents, servants, workmen, employees and/or representatives.

## II. JURISDICTION AND VENUE

6. Subject matter jurisdiction is appropriate in this Court because this Court has federal question jurisdiction over Plaintiff's Title VII and 1981 claims. Personal jurisdiction is appropriate because the Court has general jurisdiction over the Defendant and specific jurisdiction over matters arising out of Plaintiff's employment. Additionally, Plaintiff has fulfilled all administrative requirements for his claim under Title VII of the Civil Rights Act.

7. Venue is appropriate for this action because this is the vicinage where the events underlying this matter took place.

## III. UNDERLYING FACTS

8. Plaintiff worked for the Defendant for a number of years.

9. During his employment with the Defendant, Plaintiff was subjected to discrimination based on his race and national origin.

10. Specifically, Plaintiff was denied promotions, consistently held at positions below his credential, and not given the appropriate title, salary, and benefits that came with his qualifications and his responsibilities.

11. After several years of pushing to be treated fairly it became clear that Plaintiff's Department, which never had any African American professor, was never going to treat Plaintiff fairly.

12. Plaintiff was thus constructively discharged and resigned from employment.

13. Plaintiff's constructive discharge came at the end of a campaign of discrimination and failure to promote Plaintiff to a fair and equitable position due to his race and national origin, in violation of Title VII of the Civil Rights Act and 42 U.S.C. 1981.  was due to discrimination because of his race, and retaliation for complaining about the discrimination.

## COUNT ONE
### Racial and National Origin Discrimination Under 42 U.S.C. 1981

14. Plaintiff, Vernon Hill, incorporates herein, by reference thereto, paragraphs one through eleven inclusive, as though the same were set forth herein at length.

15. Plaintiff was in a protected class due to his race and national origin.

16. From the time he started working for the Defendant, Plaintiff was treated differently.

17. Plaintiff suffered from racial and national origin discrimination that included being passed over for a promotion due to his protected classes.

18. Eventually, when it became apparent that Plaintiff would never be treated fairly, he was constructively discharged and resigned from employment.

19. First, Plaintiff was subject to a campaign of discrimination because of his race and national origin, in violation of 42 U.S.C. 1981.

20. Second, Plaintiff was constructively discharged in violation of 42 U.S.C. 1981.

**WHEREFORE**, Plaintiff respectfully requests compensatory damages against Defendant and ABC Companies 1-10 in excess of $75,000, together with punitive damages, as well as costs, interest, and other relief the Court may deem appropriate under the circumstances.

## COUNT TWO
### Racial and National Origin Discrimination Under Title VII of the Civil Rights Act

21. Plaintiff, incorporates herein, by reference thereto, paragraphs one through eighteen inclusive, as though the same were set forth herein at length.

22. Plaintiff was in a protected class under Title VII of the Civil Rights Act due to his race and national origin.

23. From the time he started working for the Defendant, Plaintiff was treated differently.

24. Plaintiff suffered from racial and national origin discrimination that included being passed over for a promotion due to his protected classes.

25. Eventually, when it became apparent that Plaintiff would never be treated fairly, he was constructively discharged and resigned from employment.

26. First, Plaintiff was subject to a campaign of discrimination because of his race and national origin, in violation of 42 U.S.C. 1981.

27. Second, Plaintiff was constructively discharged in violation of 42 U.S.C. 1981.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire – PA ID 316939
*Attorneys for Plaintiff*
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-295-4888 (f)
mnatale@malamutlaw.com