# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLUTAYO ARIYO,** *Plaintiff* | : : : | **CIVIL ACTION** **NO. 23-2835** |
| **v.** | : : | |
| **THOMAS JEFFERSON UNIVERSITY MEDICAL COLLEGE,** *Defendant* | : : : : | |

## ORDER

**AND NOW**, this 15th day of July 2024, upon consideration of Defendant's *motion for partial dismissal of Plaintiff's first amended complaint*, (ECF 12), Plaintiff's response in opposition, (ECF 14), and the allegations in the amended complaint, (ECF 5), it is hereby **ORDERED** that:

> (1) The motion to dismiss Plaintiff's racial and national origin discrimination claims asserted at Count I under 42 U.S.C. § 1981 is **GRANTED** with respect to those claims premised on the alleged failure to promote Plaintiff in 2013, and **DENIED** with respect to those claims premised on the alleged failure to promote Plaintiff in 2020 and 2022;[1] and

---

[1] At Count I of the amended complaint, Plaintiff asserts employment discrimination claims under 42 U.S.C. § 1981 premised on alleged failures to promote him in 2013, 2020, and 2022. Defendant argues that Plaintiff's § 1981 claims are subject to a two-year statute of limitations and, as such, any claim premised on a failure to promote that occurred prior to July 25, 2021 — two years prior to the date Plaintiff commenced this action — are time-barred. Plaintiff disagrees and argues that his § 1981 claims are governed by the four-year "catch all" statute of limitations. Notably, Plaintiff's failure to promote claim premised on the 2013 failure to promote is clearly barred by both statutes. Accordingly, Plaintiff's § 1981 claim premised on the alleged 2013 failure to promote is dismissed, as untimely.

Because the issue of which of the two statutes of limitations applies to Plaintiff's § 1981 claims is a fact-specific inquiry, *see Jenkins v. Wesley Enhanced Living*, 2024 WL 3203316, at *11 (E.D. Pa. June 27, 2024), this Court finds that the issue cannot be determined at the current pleading stage and must await

(2) The motion to dismiss Plaintiff's racial and national origin discrimination claims asserted at Count II under Title VII of the Civil Rights Act premised on alleged conduct that occurred before June 14, 2022, is **GRANTED**.[2]

                    **BY THE COURT:**

                    /s/ *Nitza I. Quiñones Alejandro*
                    **NITZA I. QUIÑONES ALEJANDRO**
                    *Judge, United States District Court*

---

further factual development. Accordingly, Defendant's motion to dismiss Plaintiff's § 1981 claims premised on the alleged 2020 failure to promote is denied.

[2]     At Count II of the amended complaint, Plaintiff asserts employment discrimination claims under Title VII of the Civil Rights Act premised on alleged failures to promote him in 2013, 2020, and 2022. Defendant argues that Plaintiff's Title VII claims premised on adverse employment actions that occurred more than 300 days prior to Plaintiff's filing of his charge of discrimination with the Equal Employment Opportunity Commission are time-barred. In his response, Plaintiff concedes that his Title VII claims premised on adverse employment actions occurring prior to June 14, 2022 — 300 days before Plaintiff filed his charge of discrimination—are time-barred. (*See* Pl.'s Opp., ECF 14-2, at p. 3). This Court agrees. Accordingly, Plaintiff's Title VII claims premised on the alleged 2013 and 2020 failures to promote are dismissed as untimely.