**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLUTAYO ARIYO<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON UNIVERSITY MEDICAL COLLEGE<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:23-cv-02835-NIQA |

**ORDER**

**AND NOW**, this _____ day of January 2025, upon consideration of the Motion to Dismiss by Defendant Thomas Jefferson University (incorrectly named Thomas Jefferson University Medical College) and any opposition and reply thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED with PREJUDICE.**

**IT IS SO ORDERED.**

**BY THE COURT:**

______________________________
**NITZA I. QUIÑONES ALEJANDRO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLUTAYO ARIYO<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON UNIVERSITY MEDICAL COLLEGE<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:23-cv-02835-NIQA |

**DEFENDANT'S MOTION TO DISMISS FOR**
**<u>FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE</u>**

Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), Defendant, Thomas Jefferson University (incorrectly named Thomas Jefferson University Medical College, and hereafter "TJU" or "Defendant") by and through its undersigned counsel, hereby moves to dismiss the above-captioned action with prejudice due to Plaintiff, Olutayo Ariyo's failure to comply with this Court's Order dated November 12, 2024, and prosecute this case (the "Motion"). The factors in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984) weigh in favor of dismissal due to Plaintiff's failure to produce documents, answer interrogatories, communicate with counsel, and almost a year of misconduct and waste of resources and time defending this litigation. His misconduct has revealed the frivolousness of this lawsuit, which he filed in bad faith against TJU.

For the reasons set forth in the Memorandum of Law in Support and accompanying exhibits, this Court should grant TJU's Motion and, therefore, dismiss the above-captioned action with prejudice.

[signature page follows]

Respectfully submitted,

*/s/ Melissa K. Atkins*

Melissa K. Atkins, Esq. (Pa. ID No. 310820)
Charles L. Shute, Esq. (Pa. ID No. 3234396)
Aimee E. Schnecker, Esq. (Pa. ID No. 324189)
melissa.Atkins@obermayer.com
charles.shute@obermayer.com
aimee.schnecker@obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1500 Market Street, Suite 3400
Philadelphia, PA 19102

*Attorneys for Defendant*

Date: January 29, 2025

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that this document was electronically filed with the Clerk of the Court using the CM/ECF system on the 29th day of January 2025, which will send notification of such filing to all parties of record. A copy has also been electronically delivered and mailed to Plaintiff as follows:

Olutayo Ariyo
1016 Yeadon Avenue
Yeadon, PA 19050
tmajor33@hotmail.com

*/s/ Melissa K. Atkins*
Melissa K. Atkins

Dated: January 29, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLUTAYO ARIYO<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS JEFFERSON UNIVERSITY MEDICAL COLLEGE<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:23-cv-02835-NIQA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS FOR**
**FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE**

Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), Defendant, Thomas Jefferson University ("TJU") moves to dismiss the above-captioned action with prejudice due to Olutayo Ariyo's ("Plaintiff") failures to comply with this Court's Order dated November 12, 2024, ("Order") and to prosecute this case. TJU submits the following brief in support of this Motion to Dismiss for Plaintiff's Failure to Comply with Court Order and Failure to Prosecute (the "Motion").

## I. INTRODUCTION

This nearly two-year-old case has been at a standstill since it was filed on July 25, 2023. Plaintiff is responsible for delaying litigation and failing to prosecute this case due to his ongoing refusal to communicate with counsel and cooperate with the discovery process. His lack of engagement led to his attorney's withdrawal, and now, as a *pro se* litigant, he continues to avoid communication with TJU's counsel. Defendant filed a Motion to Compel responses to its outstanding discovery requests, including requests for the production of documents and interrogatories (ECF 23). This Court granted Defendants' Motion to Compel by way of an Order dated November 12, 2024, which required Plaintiff to respond to Defendant's discovery no later

than November 22, 2024 (ECF 26). To date, Plaintiff has failed to provide complete responses to Defendant's document requests and provide any answers to Defendant's interrogatories.

In his Complaint, the Plaintiff alleges that TJU discriminated against him based on his race and national origin. As part of the discovery process, Defendant has the right to request proof to support these allegations. However, Plaintiff has failed to provide any such proof.

*Pro se* litigants, including Plaintiff, are still responsible for complying with court orders and procedural rules. As stated in Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013), "[a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." Plaintiff is no exception to this rule. His delays, failure to respond, and noncompliance with this Court's discovery order significantly favor the dismissal of this case. For these reasons, this Court should grant the motion and dismiss this case with prejudice.

## II. FACTUAL BACKGROUND

At the start of this litigation, Plaintiff was represented by counsel. Plaintiff filed his initial complaint on July 25, 2023 (ECF 1), followed by an amended complaint on October 12, 2023 (ECF 5). Plaintiff's amended complaint asserts employment discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, alleging a failure to promote and constructive discharge premised on racial and national origin discrimination.

On December 21, 2023, TJU filed a Rule 12(b)(6) Motion to Dismiss (ECF 12). Plaintiff, through counsel, filed a response on January 5, 2024 (ECF 15). This Court granted the Motion to Dismiss in part and denied it in part to dismiss some of Plaintiff's claims based on the applicable statutes of limitations (ECF 17).

On May 30, 2024, TJU served discovery requests on Plaintiff, who was at the time represented by counsel. These discovery requests included nineteen (19) written interrogatories

and thirty-one (31) requests for the production of documents. Consistent with the Federal Rules of Civil Procedure, Plaintiff's discovery responses were due on July 1, 2024. Throughout August, TJU's counsel frequently communicated with Plaintiff's counsel to secure these discovery responses, but to no avail. On August 27, 2024, Plaintiff's counsel filed a motion to withdraw (ECF 22). As no discovery responses had been provided, on September 11, 2024, TJU filed a Motion to Compel Plaintiff to Respond to Discovery Requests (ECF 23). That same day, this Court entered an Order granting Plaintiff's counsel's Motion to Withdraw and staying all case deadlines for thirty (30) days for Plaintiff to secure new counsel (ECF 24).

Plaintiff elected to proceed in this litigation without counsel. On October 11, 2024, this Court entered an Order granting Plaintiff additional time to respond to TJU's Motion to Compel, prompted by Plaintiff's email request to this Court. (ECF 25). Plaintiff was ordered to respond to TJU's Motion to Compel by October 25, 2024. Plaintiff failed to file and serve a response; therefore, on November 12, 2024, this Court entered an Order granting the motion as unopposed pursuant to Local Rule of Civil Procedure 7.1(c) (ECF 26). Accordingly, Plaintiff was ordered to serve complete responses to Defendant's First Set of Interrogatories and Defendant's First Set of Requests for the Production of Documents on November 22, 2024 (ECF 26).

On November 15, 2024, Plaintiff provided TJU's counsel with partial discovery. Plaintiff produced some documents in response to Defendant's First Set of Requests for Production of Documents[1]. Plaintiff, to date, has not responded to Defendants' interrogatories. On December 10, 2024, TJU sent correspondence to Plaintiff via email advising that his document production was deficient and that he was obligated to respond to Defendant's First Set of Interrogatories. See Ex.

[1] Plaintiff provided various document that he called his "exhibits" though the majority of the provided documents were not responsive to Defendant's Request for Production.

1 (Deficiency Letter Dated December 10, 2024). TJU has not received a response from the Plaintiff.

The original Scheduling Order entered by this Court established a fact discovery deadline of December 18, 2024. Given Plaintiff's continued failure to cure his deficient discovery responses, TJU's counsel contacted Plaintiff by telephone to secure his consent to seek an extension of the case management deadlines. On December 13, 2024, Defendant filed a Motion to Extend Discovery and Case Management Deadlines (ECF 27), which was granted by the Court that same day. The Revised Scheduling Order (ECF 28) provides that all fact discovery shall be completed by February 18, 2024. Since the Court entered the Revised Scheduling Order, Plaintiff has been unresponsive to TJU's counsel's attempts to contact him by phone and email to discuss his outstanding discovery responses. It is unclear whether Plaintiff opened any of TJU's counsel's emails on December 13, 2024, December 16, 2024, and December 23, 2024. See Ex. 2 (Unanswered Emails to Plaintiff). TJU's counsel also attempted to contact Plaintiff by phone on December 13, 2024, December 16, 2024, December 23, 2024, January 10, 2025, and January 16, 2025; however, these calls have not been returned, despite TJU's counsel leaving voicemails on several occasions. Plaintiff has not provided any interrogatory responses. Plaintiff's ongoing failure to respond to Defendant's interrogatories violates the Court's Order from November 12, 2024, which granted Defendant's Motion to Compel. Furthermore, Plaintiff's lack of cooperation in the discovery process has resulted in a stalemate, causing TJU to unnecessarily waste resources in its defense.

## III. LEGAL STANDARD

All parties involved in a case, including *pro se* litigants, must litigate in good faith and discharge their obligations under the Federal Rules of Civil Procedure. If they fail, their case should be dismissed with prejudice. Federal Rule of Civil Procedure 37 empowers courts to

dismiss a plaintiff's action for their disobedience with a discovery production order. See Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Federal Rule of Civil Procedure 41(b) empowers courts to dismiss a plaintiff's action for "fail[ure] to prosecute or comply with . . . a court order." See Fed. R. Civ. P. 41(b). Both Rules reflect a court's "inherent authority to control its own proceedings." See Drayton v. Spotts, 2019 WL 5167011, at *1 (E.D. Pa. 2019).

Rule 41(b) allows dismissal "if the plaintiff fails to prosecute or to comply with these rules or a court order." See Fed. R. Civ. P. 41(b). In weighing dismissal under Rule 41(b), the court looks at the following six Poulis factors: (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's failure to comply with the rules; (3) the history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). A court has discretion over dismissing an action pursuant to Rule 41(b). Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); see also Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013) (explaining a court must examine the Poulis factors for dismissals under Federal Rules of Civil Procedure 37(b) and 41(b)). No single factor is outcome determinative. See Bradshaw v. Karpinski, 2017 WL 1163890, at *3 (E.D. Pa. 2017). The majority of the Poulis factors support dismissal. See Id. at *3–4.

## IV. ARGUMENT

This Court should grant TJU's Motion with prejudice. Plaintiff has abandoned the prosecution of this case, causing significant delay. He ceased communication with his counsel and refused to produce the requested documents, prompting his counsel to withdraw his representation. Moreover, Plaintiff has refused to answer TJU's interrogatories and has refused to provide documents requested by TJU. Neither TJU's outreach nor this Court's Order have prompted him to comply. As a result, this Court has expended judicial resources unnecessarily, and TJU has

incurred extra costs in defending against this case. The Court must not overlook Plaintiff's willful conduct in delaying this case. Considering the totality of Plaintiff's actions, the Court should dismiss this case with prejudice.

**A. Plaintiff is Responsible for His Actions**

A *pro se* litigant is responsible for their actions during the pendency of litigation. See Briscoe v. Klaus, et al., 538 F.3d 252, 258–59 (3d Cir. 2008) (explaining that "a *pro se* plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of his case"). Consequently, a *pro se* litigant's failure to comply with court orders is the fault of said litigant, not opposing counsel or the court. See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002) (affirming the finding that a *pro se* litigant was responsible for his "pattern" of "failure[s] to comply with the court's orders").

Although this Court afforded Plaintiff additional time to secure replacement counsel, he is proceeding *pro se*. Therefore, he is accountable for all his actions since his counsel's withdraw. He has chosen to proceed *pro se* and made the decision not to respond to emails, phone calls, and Court Orders. The consequences of his actions are solely his to bear, and dismissal with prejudice is the appropriate result.

**B. Defendant Has Been Greatly Prejudiced**

A plaintiff's failure to cooperate in discovery and pursue their case can prejudice a defendant. These failures can cause "irremediable burdens or costs." Hoffman v. Palace Entertainment, 2014 WL 7232574, at *6 (E.D. Pa. 2014) (quoting Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)). These failures also "frustrate[ ] and delay[ ] [an action's] resolution." House v. Smith, 2022 WL 17250452, at *2 (E.D. Pa. 2022). Naturally, these failures "burden[ ] the defendant's ability to prepare for trial." Pik v.

University of Pennsylvania, 2011 WL 3273068, at *5 (E.D. Pa. 2011) (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222–23 (3d Cir. 2003)).

As a result of Plaintiff's shortcomings in this case, TJU has faced prejudice. Plaintiff refused to produce documents responsive to Defendant's Requests for Production of Documents. Instead, Plaintiff has provided various irrelevant documents that he titled his "exhibits for trial," none of which establish his alleged financial losses. Moreover, Plaintiff has failed to answer interrogatories to clarify the alleged discrimination he experienced. Neither TJU's requests nor the Court's Order had any impact. Plaintiff's refusal to provide relevant documents led to his counsel withdrawing, a stay of the Court's scheduling order, extensions in the discovery completion deadline, postponements of the trial date, and further delays in discovery depending on the resolution of this Motion. TJU has been deprived of its right to receive the discovery information to which it is entitled, which in turn unfairly hinders its ability to defend itself or adequately prepare for trial. Furthermore, TJU has incurred unnecessary costs due to Plaintiff's failures, including preparing this motion, drafting discovery letters, and a previous motion to compel. This totality of factors has negatively impacted TJU.

**C. There is a Significant History of Dilatoriness by Plaintiff**

A court must evaluate a party's misconduct "'in light of [his] behavior over the life of the case.'" Rodriguez v. City of Philadelphia, 2021 WL 1175165 at *2 (E.D. Pa. 2021) (quoting Adams, 29 F. 3d at 875). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as … consistent tardiness in complying with court orders." Adams, 29 F.3d at 874. Here, no explanation exists for the Plaintiff's failure to comply with this Court's Order directing him to produce documents and respond to interrogatories. His noncompliance with these court-ordered directives demonstrates dilatoriness. See Drayton, 2019 WL 5167011, at *2 (finding a history of dilatoriness where the *pro se* litigant disregarded the court-ordered directives of filing

an amended complaint and responding to a motion to dismiss). The only explanation for Plaintiff's dilatory misconduct is that he is no longer interested in pursuing this action.

**D. Plaintiff's Conduct Has Been Willful**

Where no "excusable neglect" exists for a plaintiff's failure, "the conclusion that their failure is willful is inescapable." Rodriguez, 2021 WL 1175165, at *2 (cleaned up). Noncompliance with a court order and "dragging the case out" reflect willful acts. See Shukla v. University of Pennsylvania Health Systems, 2021 WL 1721862, at *2 (E.D. Pa. 2021). As outlined above regarding Plaintiff's dilatoriness, no excuse exists for Plaintiff's misconduct and noncompliance with this Court's orders. Plaintiff has prolonged this litigation in bad faith.

**E. Dismissal is the Only Effective Sanction**

A "lesser sanction," other than dismissal, "may not be an effective alternative" where a *pro se* litigant demonstrates no "interest in prosecuting this case." Drayton, 2019 WL 5167011, at *3 (citation and internal quotation marks omitted). The parties have spent months without any progress. No depositions have been taken, and Plaintiff has done nothing to change the status quo. Plaintiff has also resisted TJU's attempts and the Court's Order to advance discovery in this case. His failure to participate in discovery and comply with this Court's Order shows Plaintiff's lack of interest, such that lesser sanction would have no effect on Plaintiff's interest in prosecuting his case. Id. (collecting cases). Accordingly, dismissal is the only effective sanction based on Plaintiff's misconduct.

**F. Plaintiff's Case Is Without Merit**

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the Plaintiff or would constitute a complete defense." Poulis 747 F.2d at 869–70. When conducting this inquiry, a court also examines whether the record suggests a plaintiff's claim lacks merit. See, e.g., Harris v. Julia, 2021 WL 5605284, at

*2 (E.D. Pa. 2021) (finding the "Plaintiff's failure to respond to the substance of the Defendants' motions to dismiss suggests that his claims lack merit"); Shukla, 2021 WL 1721862, at *3 (finding "Plaintiff's failure to respond to the substance of the Defendants' motions to dismiss or provide a compliant Certificate of Merit suggests that his claims lack merit"); Pik, 2011 WL 3273068, at *5.

Here, Plaintiff has failed to respond to interrogatories and has been unable to produce any records supporting the alleged discrimination he experienced and financial loss. Moreover, Plaintiff's discrimination case rests primarily on a constructive discharge claim. However, the record establishes that Plaintiff chose to retire and provided TJU with a year's notice following a long career there. Dismissal with prejudice is more than appropriate for this frivolous case.

## V. CONCLUSION

For the foregoing reasons, this Court should grant the Motion and, therefore, dismiss this case with prejudice.

Respectfully submitted,



__________________________________

Melissa K. Atkins, Esq. (Pa. ID No. 310820)
Charles L. Shute, Esq. (Pa. ID No. 3234396)
Aimee E. Schnecker, Esq. (Pa. ID No. 324189)
melissa.Atkins@obermayer.com
charles.shute@obermayer.com
aimee.schnecker@obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1500 Market Street, Suite 3400
Philadelphia, PA 19102

*Attorneys for Defendant*

Date: January 29, 2025

**CERTIFICATE OF COMPLIANCE WITH**
**LOCAL RULE OF CIVIL PROCEDURE 26.1(f)**

Pursuant to Local Rule of Civil Procedure 26.1(f), TJU certifies that, after reasonable effort outlined in detail in this memorandum, the parties cannot resolve the discovery dispute.

Melissa K. Atkins, Esq.
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102

# Exhibit 1

Exhibit 1

**Schnecker, Aimee**

| | |
|---|---|
| **From:** | Schnecker, Aimee |
| **Sent:** | Tuesday, December 10, 2024 1:44 PM |
| **To:** | Olutayo Ariyo |
| **Cc:** | Atkins, Melissa; Shute, Charles |
| **Subject:** | Olutayo Ariyo v. Thomas Jefferson University Medical College - 2:23-cv-02835-NIQA |
| **Attachments:** | Ariyo - Deficiency Letter to Plaintiff 12-10-24.pdf |

**Tracking:**

| Recipient | Read |
|---|---|
| Olutayo Ariyo | |
| Atkins, Melissa | |
| Shute, Charles | Read: 12/10/2024 1:55 PM |

Dear Dr. Ariyo:

Please see the attached correspondence on behalf of Defendant, Thomas Jefferson University. Additionally, please note that the December 18 fact discovery deadline is quickly approaching. To that end, we intend to file a motion to extend the discovery deadlines with the Court. Please let us know as soon as possible if you have any objection to a 60-day extension of all deadlines in the Scheduling Order.

Best,
Aimee

OBERMAYER
*Looking forward. Thinking ahead.*

**Aimee E. Schnecker, Esq.**
Associate

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3048 tel | 215.665.3165 fax
Aimee.Schnecker@obermayer.com | www.obermayer.com

OBERMAYER

**Aimee E. Schnecker, Esq.**
Direct Dial: 215-665-3048
Aimee.Schnecker@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 340
Philadelphia, PA 19102-2101
P: 215.665.3000
F: 215.665.3165

December 10, 2024

**VIA EMAIL - tmajor33@hotmail.com**
Olutayo Ariyo
1016 Yeadon Avenue
Yeadon, PA 19050

**Re: Olutayo Ariyo v. Thomas Jefferson University Medical College**
**Case No.: 2:23-cv-02835-NIQA**

Dear Dr. Ariyo:

As you know, this law firm represents the Defendant, Thomas Jefferson University (incorrectly named Thomas Jefferson University Medical College), in the above-referenced matter. We have reviewed the various documents that you submitted as Plaintiff's discovery responses and have identified multiple deficiencies. Please consider this correspondence as a good faith effort to resolve this discovery dispute.

Defendant propounded two discovery documents on your prior counsel, Malamut & Associates, LLC via email on May 30, 2024. Specifically, Defendant issued a First Set of Interrogatories and a First Set of Document Requests. Copies of both documents are enclosed for your reference. Please be advised that even though you are electing to proceed as a *pro se* litigant, you are nonetheless obligated to comply with the Federal Rules of Civil Procedure applicable to the discovery process. See Huertas v. Philadelphia, 139 Fed. Appx. 444, 445 (3d Cir. 2005).

**Defendant's First Set of Interrogatories**

To date, you have not provided any response to Defendant's First Set of Interrogatories. You are required to respond to Defendant's First Set of Interrogatories in conformance Rule 33(b) of the Federal Rules of Civil Procedure. This rule requires that you answer each interrogatory "separately and fully in writing under oath and sign the answers within 30 days. See F.R.C.P. 33(b).

**Defendant's First Set of Document Requests**

While you have attempted to respond to the Document Request by providing multiple documents via email on November 11, 2024 and November 15, 2024, these documents are largely unresponsive and deficient. Rule 34(b) of the Federal Rules governs the procedure for responding to Document Requests and requires that a party provide a written response to each item within 30 days. You have failed to respond individually to each item in writing. Moreover, though Defendant requested specific documents in each item of the Documents Requests, you have only provided documents that

purport to be your exhibits for trial. You have also provided several versions of what you allege is your exhibit list. This is not appropriate and not responsive to the Document Requests.

Rule 34 also requires that a party produce documents in "a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Almost all the documents you provided are not in their native format. For example, much of your document production is in PowerPoint format, with various slides depicting photographs of documents and reproductions of correspondence. You have also produced documents in Word format that appear to be reproductions of emails and other correspondence. For example, the Word document that you have labeled Document 34 is a reproduction of various emails. You are required to provide copies of the original emails, as called for under the Federal Rules of Civil Procedure and instructions/definitions that accompanied the Document Requests. Specifically, Paragraph (E) of the instructions states that "For any document produced that was generated with a computer program (e.g. Word, Excel, .pdf, etc.) provide the original digital file in native format with meta-data intact." Additionally, Paragraph (E) of the definitions states that "The term "document" means the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing and any electronic version or copy in your custody or control."

Finally, your document production includes unnecessary editorializations whereby you attempt to argue your perceived significance of the documents you've provided and argue your case. The Word document that you have labeled Document 33 is an entirely irrelevant compilation of your arguments and opinions. This document, as well as other documents containing such arguments, are not responsive to Defendant's Document Requests. Any arguments regarding the merits of your case should be reserved for dispositive motions and/or trial.

Please carefully consider the above noted deficiencies and revise your discovery responses accordingly. Please provide your updated discovery responses no later than December 17, 2024.

Respectfully submitted,

*/s/ Aimee Schnecker*
Aimee E. Schnecker, Esq.

Enclosures
cc: Melissa K. Atkins, Esquire
Charles L. Shute, Esquire

# Exhibit 2

Exhibit 2

**Schnecker, Aimee**

**From:** Schnecker, Aimee
**Sent:** Monday, December 23, 2024 12:36 PM
**To:** tmajor33@hotmail.com
**Subject:** RE: Olutayo Ariyo v. Thomas Jefferson University Medical College; Case No.: 2:23-cv-02835-NIQA

Dr. Ariyo – I am following up on the below request. Please advise.

Thank you,
Aimee

---

**From:** Schnecker, Aimee
**Sent:** Monday, December 16, 2024 4:00 PM
**To:** tmajor33@hotmail.com
**Subject:** RE: Olutayo Ariyo v. Thomas Jefferson University Medical College; Case No.: 2:23-cv-02835-NIQA

Good afternoon Dr. Ariyo:

In follow up to the revised scheduling order entered by the Court on Friday, we are confirming that you will allow a two (2) week extension for Jefferson to respond to the discovery requests that you issued by email on November 15, 2024.

Thank you,
Aimee

OBERMAYER
Looking forward. Thinking ahead.

**Aimee E. Schnecker, Esq.**
Associate

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3048 tel | 215.665.3165 fax
Aimee.Schnecker@obermayer.com | www.obermayer.com

---

**From:** Ament, Diane <diane.ament@obermayer.com>
**Sent:** Friday, December 13, 2024 3:57 PM
**To:** tmajor33@hotmail.com
**Cc:** Atkins, Melissa <melissa.atkins@obermayer.com>; Shute, Charles <charles.shute@obermayer.com>; Schnecker, Aimee <aimee.schnecker@obermayer.com>
**Subject:** Olutayo Ariyo v. Thomas Jefferson University Medical College; Case No.: 2:23-cv-02835-NIQA

Good afternoon,

Please see the attached from Aimee Schnecker regarding the above-referenced matter. Thank you.

OBERMAYER

*Looking forward. Thinking ahead.*

**Diane Ament**
Legal Assistant to:
Thomas T. Hearn, Esquire
Melissa Atkins, Esquire
Aimee Schnecker, Esquire
Madison Melinek, Esquire

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3049 tel | 215.665.3165 fax
diane.ament@obermayer.com | www.obermayer.com