# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLUTAYO ARIYO,** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 23-2835** |
| **v.** | : | |
| | : | |
| **THOMAS JEFFERSON** | : | |
| **UNIVERSITY MEDICAL** | : | |
| **COLLEGE,** | : | |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 22nd day of April 2025, upon consideration of Plaintiff's *request to replace document 5 filed on 10/12/23*, (ECF 32), and Defendant's response in opposition, (ECF 33), it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.[1]

---

[1]  On July 25, 2023, Plaintiff Olutayo Ariyo ("Plaintiff") filed a counseled complaint against his former employer, Thomas Jefferson University Medical College ("Defendant"), asserting various claims of employment discrimination. (ECF 1). Plaintiff filed a counseled amended complaint (the operative complaint) on October 12, 2023. (ECF 5). Shortly after the start of discovery, Plaintiff's counsel withdrew. (*See* ECF 22, 24). Since that time, Plaintiff has represented himself in these proceedings. Instantly, Plaintiff seeks leave to amend his amended complaint to correct or modify four paragraphs in the amended complaint. (ECF 32). In its response in opposition, Defendant argues that the motion has been filed in bad faith, for dilatory motives, after undue delay, and that it is prejudicial to Defendant. (ECF 33).

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion to amend is left to the sound discretion of the district court. *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990). As such, it is within the discretion of a district court to deny a motion for leave to amend when there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (holding that a court can deny a motion to amend if (1) the moving party has demonstrated undue delay, bad faith, or dilatory motive, (2) the amendment would be futile, or (3) the amendment would prejudice the non-moving party).

This Court has previously held:

> A motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A delay in amending becomes 'undue' when it places an unfair burden on the opposing party . . . . A plaintiff

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

must, therefore, offer a 'colorable excuse' for the delay. Courts in this district have found undue delay and/or prejudice where the proposed amendments assert new claims, where new discovery would be necessary, and where the motion for leave to amend was filed months after the factual basis of the amendment was discovered by the moving party.

*Lafate v. Vanguard Grp., Inc.*, 2014 WL 5314832, at *2 (E.D. Pa. Oct. 16, 2014) (internal citations omitted).

Further, the United States Court of Appeals for the Third Circuit has held repeatedly that "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir.1990). In deciding whether the proposed amendment would unfairly prejudice the defendant, courts consider whether permitting the amendment would (1) require the defendant to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004).

Here, Plaintiff seeks to correct or modify several facts contained in the operative complaint, a pleading that has served as the basis for the discovery in this matter for sixteen (16) months. Discovery closed on February 18, 2025, and dispositive motions are due on May 5, 2025. (*See* ECF 28). Notably, the facts that Plaintiff seeks to change have been known to Plaintiff since the beginning of this litigation. These "new" facts, however, will likely require Defendant to conduct additional discovery and will likely delay resolution of this matter. In addition, Plaintiff offers no excuse for his delay in seeking leave to make the proposed changes to his amended complaint. Under these circumstances, this Court finds that Plaintiff's motion to amend was filed after undue delay and the proposed amendments will cause unfair prejudice to Defendant. Accordingly, Plaintiff's motion to amend is denied.