IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLUTAYO ARIYO,**<br>                    **Plaintiff**<br>    v.<br>**THOMAS JEFFERSON UNIVERSITY MEDICAL COLLEGE**<br>                    **Defendants.** | Civil Action No. 2:23-cv-02835-NIQA |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Fed. R. Civ P. 56, Defendant, Thomas Jefferson University ("TJU"), incorrectly named as "Thomas Jefferson University Medical College", submits this Statement of Undisputed Material Facts ("SUMF") in support of its Motion for Summary Judgment.

**About Thomas Jefferson University**

1.  TJU is a private, non-profit institution of higher education headquartered in Philadelphia, Pennsylvania. *Ex. 37* at ¶ 5.

2.  TJU was founded in 1824 and boasts a long-standing reputation for educational excellence, especially in health sciences, engineering, and the liberal arts[1].

3.  Thomas Jefferson offers a wide range of undergraduate, graduate, and professional degree programs. It is comprised of various colleges, including the Sidney Kimmel Medical College, the College of Health Professions, and the College of Architecture and the Built Environment, among others. TJU is dedicated to fostering a diverse and inclusive academic environment, promoting innovative research, and providing community service. *Id.*

---

[1] *See generally* https://www.jefferson.edu/index.html (last accessed May 5, 2025).

**Plaintiff's Early Employment With TJU**

4. Plaintiff, Dr. Olutayo Ariyo, started with TJU in 1995 as a part-time Post-Doctoral Fellow. He remained in this position until 2005. In this capacity, he assisted in dissection classes in Human Gross Anatomy. *Ex.* 38.

5. From 2005 to 2013, Plaintiff was a full-time Research Associate in TJU's Department of Pathology, Anatomy, and Cell Biology. *Id*.

6. In his role as a Research Associate, Plaintiff conducted research, performed laboratory work, and assisted with limited lecturing and teaching activities. *Id.*

7. In June 2013, Plaintiff was promoted to TJU's faculty as Clinical Instructor of Pathology, Anatomy, and Cell Biology. In this role, he lectured students and guided small-group laboratory sessions, mainly on dissection work. *Id.*

8. Plaintiff was a Clinical Instructor in Human Gross Anatomy for first-year medical, physical therapy, and physician assistant students, including specialized head and neck anatomy instruction for ENT. *Id.*

**Plaintiff's Promotion to Clinical Assistant Professor
of Pathology, Anatomy, and Cell Biology at TJU**

9. On June 19, 2018, Plaintiff was promoted to Clinical Assistant Professor of Pathology, Anatomy, and Cell Biology. He remained in this position until he retired, effective June 30, 2022. *Ex.* 13.

10. Plaintiff's job responsibilities as an Assistant Professor in TJU's medical school, included developing and delivering high-quality didactic and experiential courses, engaging in collaborative scholarly research, mentoring and advising students, participating in departmental, university, and community service, and collaborating with interdisciplinary teams to advance medical education and clinical practice. *Ex.* 34 and *Ex.* 35.

11. In his role, Plaintiff's teaching duties included classroom-based lectures and hands-on instruction in dissection laboratories, guiding students through practical anatomical learning. *Id*.

12. While Plaintiff generally received positive student feedback, there were consistent criticisms about his teaching style, with little to no improvement noted. Student feedback frequently indicated concerns that he often strayed off topic or rambled, with comments highlighting that he sometimes went on tangents unrelated to dissection. Additionally, many students felt that his guidance lacked clarity, suggesting that his feedback could be more succinct and practical. One student mentioned, "Dr. Ariyo can sometimes make getting through our dissection difficult," pointing out how unrelated quiz questions interrupted their focus. *Ex. 29*.

13. In addition to the student criticism he received, Plaintiff also had difficulty managing his administrative responsibilities effectively. As part of his teaching duties, he was required to create outline documents for various topics covered throughout the semester. Unfortunately, he frequently missed deadlines for submitting these documents, and the assignments he did turn in were often disorganized. Many submissions lacked essential components and necessary hyperlinks, leading to the need for substantial revisions. *Ex. 14 – Ex. 27*.

14. Plaintiff received complaints from multiple colleagues, who shared similar concerns as the students, and other issues related to his reliability, responsiveness, and the quality of his written tasks. Faculty members repeatedly expressed frustration regarding Plaintiff's lack of responsiveness in creating the course materials. *Ex. 5; Ex. 7; Ex. 8; and Ex. 14- 27*.

15. Plaintiff regularly complained of technology issues but failed to complete the required online training in a timely manner, which was essential for effectively and competently

3

teaching students during the COVID-19 pandemic. Eventually, Plaintiff removed from his teaching assignment for lacking the necessary technological knowledge to conduct the class effectively[2]. *Ex. 1; Ex. 2; Ex. 3; Ex. 7 -Ex. 8.*

### Plaintiff's Desire for Further Promotion in 2020 and 2022 in Pathology, Anatomy, and Cell Biology at TJU

*16.* In 2020, Plaintiff expressed his interest in being promoted. *Ex. 37.*

17. A threshold requirement for consideration to be promoted is that the candidate spend a minimum number of years in the preceding rank. *Ex. 39.*

18. Having been promoted to Clinical Assistant Professor position in 2018, Plaintiff did not meet this threshold requirement in 2020 for advancement to the next rank because a minimum of four years is required, followed by five years in the next rank to achieve full professorship. *Ex. 32; Ex. 34; and Ex. 35.*

19. Even if Plaintiff met this threshold requirement, meeting this requirement does not ensure a promotion. It is simply a prerequisite to present oneself before the Committee to be considered for advancement to the next rank in the promotional track. *Id.*

20. The person who holds the titles as Vice Provost for Faculty Affairs and Professional Development, and Vice Dean for Faculty Affairs and Professional Development at Sidney Kimmel Medical College, manages the entire faculty lifecycle, which encompasses recruitment, tenure, promotion, and advocacy for faculty members. *Ex. 39* ¶¶ 4-7.

21. Karen Novielli, M.D., serves as both Vice Provost for Faculty Affairs and Professional Development and Vice Dean for Faculty Affairs and Professional Development of the Sidney Kimmel Medical College. *Id.*

22. Dr. Novielli has held these positions since approximately 2002. *Id.* ¶ 3.

---

[2] In 2020, the COVID-19 pandemic forced universities and colleges, including TJU, to transition to remote learning, where possible, for the safety of their students and professors.

23. As Vice Provost and Vice Dean, Dr. Noveilli directs TJU's programs and initiatives aimed at fostering faculty growth, which includes professional development, leadership training, and teaching excellence. This also encompasses verifying when employees meet the minimum objective qualifications for further consideration in the promotion process. *Id.* ¶¶ 4-5, 7.

24. Dr. Novielli verifies that all candidates for promotion meet the minimum qualifications. However, the individual colleges at TJU set their requirements and criteria for faculty advancement, which must be approved by the Provost. *Ex.* 32.

25. Submissions for faculty promotions include, but are not limited to, scholarly work, recommendations from fellow faculty, and the overall service of the employee at TJU. *Id.* ¶ 13; *Ex.* 2.; *Ex.* 34.

26. Service to TJU includes an employee's effectiveness as a teacher, professionalism, and commitment to bettering TJU. *Ex. 39* at ¶ 14.

27. The most important factor for faculty promotion in the Clinician Educator Track is teaching effectiveness. *Id.* at ¶ 14.

28. Teaching effectiveness can be demonstrated by (1) a summary of evaluations from residents, fellows, and/or students from recent years, or (2) a letter from the relevant educational leader addressing the proposed faculty member's effectiveness in teaching. *Id.* at ¶15; *see also Ex.* 34.

29. A teacher who fulfills the minimum promotion criteria may not be promoted if their teaching effectiveness doesn't support it. *Ex. 31 and Ex. 39 at ¶ 15.*

30. Plaintiff did not meet the minimum qualifications and skills to advance in 2020. *Ex. 32; Ex. 35; see also Ex. 38.*

31.  Plaintiff met the minimum qualifications of four years of time-in-rank for consideration to advance to Clinical Associate Professor in June 2022, shortly before his retirement. *Ex. 32; Ex. 35; see also Ex. 38.*

### Plaintiff Announces his Retirement from TJU

32.  On August 31, 2021, Plaintiff sent a heartfelt email to Stephen Peiper stating in part that he was "[g]rateful for the support, encouragement, and the provision and support for a vibrant enabling workplace that is friendly and highly supportive of Scholarship… " *Ex.* 10.

33.  On September 7, 2021, Plaintiff expressed his intention to retire from TJU by the end of June 2022, which he confirmed in an official written notice dated September 15, 2021. *Ex.* 4.

34.  In his email notice of retirement, Plaintiff thanks TJU for "… all the opportunities made available to me to have served." *Id.*

35.  On March 21, 2022, Plaintiff requested to join TJU's "Phased Retirement Program," whereby he would continue teaching in a limited capacity until 2024. *Ex.* 9.

36.  TJU's Phased Retirement Program enables educators nearing retirement to lessen their teaching responsibilities over a period of time. However, because TJU began searching for a replacement for Plaintiff after his notice in 2021, the proposal was not accepted. *Ex.* 9; and *Ex.* 11.

### Plaintiff Demands Promotion to Clinical Professor Less Than One Month Before His Effective "Resignation" Date Despite Being Unqualified.

37.  On June 21, 2022, during a Zoom meeting with Dr. Novielli and Dr. Stephen Peiper, Plaintiff expressed his interest in being promoted to the position of "Full [Clinical] Professor." *Ex.* 31.

6

38. Plaintiff was informed that he did not meet the qualifications for consideration for Clinical Professor, specifically due to not meeting the minimum time-in-rank requirement. *Id.*

39. Plaintiff also indicated his consent to be considered for promotion to Clinical Associate Professor. *Id*.

40. Dr. Novielli explained that, although there were concerns regarding Plaintiff's ability to meet the necessary milestones for promotion to Clinical Associate Professor, they were willing to submit his application for consideration. The concerns focused on his insufficient time in rank and limited recent involvement in external service or impact activities. Id.

41. Dr. Novielli informed Plaintiff that submitting his application to the Committee did not ensure a successful outcome or guarantee a promotion. Id.

42. Dr. Novielli informed Plaintiff that his request to backdate any potential promotion was inappropriate and would not be approved, and that no extra compensation would be offered. *Id.*

43. Plaintiff retired effective as an Assistant Professor on June 30, 2022. *Id.*

44. TJU's fiscal year begins on July 1 of the calendar year. *Id.* Merit-based salary increases and promotions took effect on July 1, 2022, the day after his scheduled retirement date. *Ex.* 39 ¶ 30.

                                  Respectfully submitted,

                                    */s/ Melissa K. Atkins*
                                  Melissa K. Atkins, Esq. (Pa. ID No. 310820)
                                  Aimee E. Schnecker, Esq. (Pa. ID No. 324189)
                                  Melissa.Atkins@obermayer.com
                                  Aimee.Schnecker@obermayer.com
                                  OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                  1500 Market Street, Suite 3400
                                  Philadelphia, PA 19102
                                  *Attorneys for Defendant*

Date:   May 5, 2025