**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLUTAYO ARIYO,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY MEDICAL COLLEGE<br><br>Defendant. | Civil Action No. 2:23-cv-02835-NIQA |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. Introduction

Thomas Jefferson University ("TJU") respectfully submits this Reply Brief in support of its Motion for Summary Judgment. Plaintiff's Motion in opposition is replete with conclusory allegations, personal opinions, and assertions that lack any evidentiary basis. Moreover, the allegations he rests upon are either unsupported by admissible affidavits or declarations or are time-barred under the applicable statutory deadlines. As discussed below, Plaintiff's claims concerning adverse employment actions and alleged discriminatory treatment rely solely on his subjective beliefs, fail to produce even a scintilla of actual evidence regarding similarly situated comparators, and rely on incidents well outside the time provisions allowed under Title VII and Section 1981. Accordingly, because Plaintiff has not established, by admissible evidence, a genuine issue of material fact in support of his discrimination claims, TJU respectfully requests that the Court grant its motion for summary judgment and dismiss Plaintiff's claims with prejudice.

## II. Argument

A. Plaintiff's Submission Fails to Create a Genuine Issue of Material Fact

Plaintiff's response is characterized by a litany of unsubstantiated allegations and conclusory statements that rest solely on his subjective interpretation of events. In the absence of admissible evidence, which would include affidavits, declarations, or corroborative documentation, his opposition is nothing more than a bare recitation of his opinions. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Jones v. Sch. Dist. of Phila., 198 F.3d 403 (3d Cir. 1999). Plaintiff's failure to produce any formal, sworn testimony or other admissible material that contradicts the record's undisputed facts precludes any genuine issue of material fact. Plaintiff alleges that he was "misdesignated" as a Research Associate and that this misdesignation deprived him of eight years of promotion. Yet, he offers no documentation, such as personnel records, internal memoranda, or witness declarations, to support this assertion.[1] Without such evidence, these allegations remain conclusory and speculative rather than factual disputes requiring resolution at trial.

Furthermore, Plaintiff's response contains no detailed discussion or specificity regarding the allegedly comparable treatment to other similarly situated employees. Although he generally references alleged comparators, his submission does not identify these individuals. It does not establish via admissible evidence that such comparators possessed similar qualifications, job responsibilities, or tenures. See Collins v. Kimberly-Clark Pennsylvania, LLC, 247 F. Supp. 3d 571 (E.D. Pa. 2017). In order to establish an inference of discrimination, Plaintiff must present objective, documentary evidence demonstrating that similarly situated employees were treated more favorably. In the absence of such evidence, Plaintiff's assertions consist solely of conclusory allegations that fail to raise a material factual issue in dispute. Id.

B. Time-Barred Allegations Render Plaintiff's Claims Moot

[1] Plaintiff had the opportunity to request this information in discovery or to depose any witness in an effort to marshall evidence in support of his theories. Plaintiff chose not to request comparator information, and therefore, cannot overcome his burden of production to defeat summary judgment.

A major flaw in Plaintiff's argument is his reliance on allegations that are time-barred and have already been dismissed by this Court. (See Doc. 17). Under Title VII and Section 1981, claims must be filed within the designated statutory periods. The Court previously ruled that claims related to adverse employment actions and other incidents before June 14, 2022, were dismissed as untimely. Similarly, any allegations stemming from events before 2019 are precluded under the four-year statute of limitations for Section 1981 claims, as noted in the Court's order (Doc. 17). Plaintiff's repeated mentions of events allegedly taking place between 2005 and 2010—such as claims of allegedly discriminatory slate assignments and complaints about alleged racial remarks—are thus time-barred. Additionally, since Plaintiff's claims are founded on specific acts, he cannot demonstrate, nor has he attempted to prove, a continuing violation. As a result, only his limited claims regarding events in 2020 and 2022 remain, and even these are inadequate to refute TJU's assertion that no genuine issue of material fact exists to preclude summary judgment.

C. Plaintiff Fails to Present Adequate Comparator Evidence

A necessary element of any discrimination claim is the demonstration of disparate treatment, showing that similarly situated employees who do not share the plaintiff's protected status received more favorable treatment. Plaintiff's submission falls far short of this requirement. Although he alludes to alleged favorable treatment of some of his peer doctors in his Motion Requesting the Court not to Grant Summary Dismissal (See Doc. 41, pp. 7-9), Plaintiff does not provide any specific, documented evidence identifying those individuals or their comparative qualifications. He has neither alleged nor presented any facts to show that they are similarly situated in terms of qualifications, job duties, or tenure status. He also has not demonstrated that he and the alleged comparators were evaluated under different promotional criteria and has not

presented any evidence that others who did not meet TJU's objective promotional criteria were nevertheless promoted.[2]

The mere assertion that others were treated differently is insufficient; Plaintiff must demonstrate, through objective evidence, that the comparators were similarly situated in every material respect. Without affidavits, personnel records, or other admissions regarding these alleged comparators' abilities, performance metrics, and promotion histories, Plaintiff's allegations are conclusory and insufficient to overcome Summary Judgment. As the Third Circuit has made clear, speculative allegations are insufficient to create a factual dispute. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018). Accordingly, Plaintiff's inability to produce proper comparator evidence further supports TJU's motion for summary judgment.

D. Objective Promotion Criteria Rebut Plaintiff's Unsupported Claims

Plaintiff contends that he was "misdesignated" as a Research Associate. This contention is entirely irrelevant when viewed against the backdrop of TJU's strict objective promotion criteria. The university's established policies require that faculty must serve a minimum length of time and meet specific performance standards before advancing to higher ranks. Plaintiff's personnel records show that he was promoted to Clinical Assistant Professor on June 19, 2018, a decision based on objective evaluations, documented performance metrics, and adherence to the time in rank requirements specified in the TJU faculty handbook.

Even if Plaintiff argues that he was misclassified, the objective requirements under the employment system remain unaffected. Promotion to Clinical Associate Professor—or ultimately, Clinical Professor—requires that the candidate satisfy a set period of service as well as

---

[2] While Plaintiff has mentioned Dr. Guiyun Zhang and Dr. Hector Lopez in his papers, he has not submitted any admissible evidence to demonstrate that these individuals were similarly situated to him and treated more favorably, and has not successfully created a genuine issue of material fact justifying a trial of this matter. In reality, the individuals he references differed significantly from Plaintiff and were not similarly situated, as they taught different subjects, held different positions, and had different tenure statuses.

demonstrable evidence of teaching excellence and other performance indicators. Plaintiff did not meet the objective "time in rank" requirement, which should end the inquiry as a matter of law.

Assuming Plaintiff is arguing that there is a factual dispute over whether he met the qualifications for the promotion (there is no admissible evidence to support such a claim), such argument alone is insufficient to create a genuine issue of material fact on the question of pretext. As the Third Circuit held in Bennun v. Rutgers State University, "more than a denial of promotion as a result of a dispute over qualifications must be shown to prove pretext." 941 F.2d 154, 170 (3d Cir. 1991). To demonstrate pretext under these circumstances, Plaintiff must show "that the qualifications of the person actually promoted were so much lower than those of h[is] competitors that a reasonable factfinder could disbelieve the claim that the employer was honestly seeking the best qualified candidate." Bray v. Marriott Hotels, 110 F.3d 986, 999 (3d Cir. 1997) (Alito, J., dissenting). Plaintiff has not demonstrated that he met these requirements at any point, nor has he provided evidence that similarly situated employees who met the requirements were promoted while he was not. As such, the "misdesignation" argument is based solely on his subjective interpretation of time and opportunity, rather than on any factual deviation from the established criteria. The objective standards governing promotion decisions are not discretionary, and an employer's adherence to such standards is a legitimate, nondiscriminatory basis for its employment decisions. Plaintiff's reliance on a generalized misdesignation theory fails to raise a genuine issue of material fact, and summary judgment is appropriate.

E. Plaintiff Fails to Demonstrate an Adverse Employment Action or Constructive Discharge

Plaintiff asserts that he suffered an adverse employment action and was constructively discharged. However, the record clearly shows that he was promoted to Clinical Assistant Professor in 2018 and that his subsequent employment was stable until his voluntary retirement. Plaintiff has failed to produce objective evidence supporting his claim that any decision by TJU

was motivated by discriminatory animus. See Ruff v. Temple Univ., 122 F. Supp. 3d 212, 220 (E.D. Pa. 2015) (finding that even though a plaintiff "may disagree with the wisdom, fairness, or correctness of [Defendant's] actions... disagreement, without more, does not rebut [Defendant's] legitimate non-discriminatory reasons for its actions").

Moreover, with regard to his constructive discharge claim, Plaintiff must demonstrate that the work environment was so intolerable that no reasonable employee would have continued working. In Plaintiff's pleadings, he did not claim that his working environment or conditions were so intolerable that he was compelled to resign. See Mandel v. M&Q Packaging Corp., 706 F.3d 157, 169 (3d Cir. 2013) (explaining an employee must show "the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign" to prove constructive discharge).

Here, it seems as though Plaintiff is claiming that the denial of promotion, based on a timeline he set for himself rather than Defendant's established objective promotion criteria, impacted him to the extent that he chose to retire. However, in addition to not properly pleading constructive discharge, Plaintiff remained in his position for nearly nine months after giving notice of retirement and also actively inquired about possibly extending his employment beyond his stated retirement date via a "phased retirement" program. These facts clearly indicate that his resignation was voluntary. Someone whose work environment was so intolerable that their only choice is to resign would not ask for ways to extend their employment. The Third Circuit has made clear that "an employee's subjective perceptions of unfairness do not govern a claim of constructive discharge." Mandel, 706 F.3d at 169. Plaintiff's allegations of an adverse employment action and constructive discharge thus fall far short of the evidentiary standard required to create a genuine issue of material fact for such claims.

F. Plaintiff Fails to Establish that TJU's Legitimate Reasons are a Pretext for Discrimination

TJU has articulated reasons for its promotion decisions—namely, that Plaintiff failed to meet the objectively established criteria for advancement, including the minimum time in rank and performance standards evidenced in his teaching evaluations and administrative record. However, Plaintiff has produced no evidence, other than his subjective belief, that these legitimate reasons are merely a pretext for discrimination. Plaintiff must provide objective, admissible evidence that contradicts TJU's stated reason. He has failed to do so. In his response, Plaintiff relies solely on opinions and unsubstantiated assertions to claim that TJU's decision was motivated by racial or national origin animus. However, circumstantial allegations and mere speculation are insufficient to create a genuine dispute as to whether the employer's reasons were pretextual. Plaintiff has not produced any concrete evidence, such as contradictory performance data or comparative evidence regarding promotions of similarly situated non-Black and non-Nigerian employees, to undermine TJU's legitimate explanation. Moreover, TJU's promotion decisions have been consistently supported by objective criteria set forth in its personnel policies. The record demonstrates that Plaintiff was promoted when he met the required benchmarks and that all employment actions against him were based on his failure to satisfy the same metrics applied to all faculty. In the absence of compelling, admissible evidence to the contrary, Plaintiff's claim that TJU's reasons are pretextual remains mere conjecture and does not raise a genuine issue of material fact.

## III. Conclusion

Plaintiff Ariyo's opposition to TJU's Motion for Summary Judgment fails to create a genuine issue of material fact. Plaintiff's response consists solely of conclusory, unsubstantiated statements and opinions unsupported by the record evidence. His allegations, based on events prior

to the applicable statutory cutoffs, are time-barred under Title VII and Section 1981 and have already been dismissed by this Court.

Plaintiff has failed to identify any comparators or produce any documentation that supports his claims of disparate treatment. Even if one were to consider his limited allegations regarding the 2020 and 2022 promotional decisions, there is no evidence to create a genuine issue of material fact regarding the objective, nondiscriminatory criteria that governed TJU's employment actions. Similarly, Plaintiff's claims regarding an adverse employment action and constructive discharge are without merit, given his continued employment for nearly nine months after giving notice and his overt inquiry into alternative retirement options.

The fact that Plaintiff has decided to pursue his claims as a *pro se* litigant is not relevant to the instant motion. Plaintiff, as all *pro se* litigants, is still obligated to litigate in good faith. A *pro se* litigant "must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). This case has been marked by Plaintiff's repeated delays, failure to respond, and noncompliance with this Court's orders. In addition to his procedural shortcomings, Plaintiff has not met the substantive standards required to support his claims as outlined above.

For the foregoing reasons and as outlined in its Summary Judgment Motion, Thomas Jefferson University respectfully requests that the Court grant its Motion for Summary Judgment, dismiss Plaintiff's claims with prejudice, and award such further relief as the Court deems appropriate.

Respectfully submitted,

______________________________

Melissa K. Atkins, Esq. (310820)
Taylor D. Washington, Esq. (334039)
Melissa.Atkins@obermayer.com
Taylor.Washington@obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1500 Market Street, Suite 3400
Philadelphia, PA 19102

*Attorneys for Defendant*

Date: June 12, 2025

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date indicated below, I caused to be served a true and correct copy of the foregoing Reply Brief in Support of Defendant's Motion for Summary Judgement on behalf of Defendant, Thomas Jefferson University, via certified mail and email, upon the following unrepresented parties:

Olutayo Ariyo
1016 Yeadon Avenue
Yeadon, PA 19050
tmajor33@hotmail.com

*/s/ Melissa Atkins*

Melissa Atkins, Esq.

Date: June 12, 2025